UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOE SKODRAS and NIKKI SKODRAS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 3:08 CV 441 |
| | ) |
| GULF STREAM COACH, INC, et al. | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Before the Court is Defendant Gulf Stream Coach ("Gulf Stream"), Inc.'s Motion for Partial Summary Judgment filed on August 14, 2009. Plaintiff Nikki Skodras ("Skodras")[1] responded in opposition on October 19, 2009 to which Gulf Stream replied on November 6, 2009. For the following reasons, Gulf Stream's motion will be GRANTED in part and DENIED in part.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the

---

[1] On August 14, 2009, the parties filed a joint stipulation dismissing with prejudice Plaintiff Joe Skodras as well as Counts III and IV of the Complaint. Thus, Nikki Skodras is the sole remaining Plaintiff in this action and only Count I (Breach of Express Written Warranty) and Count II (Breach of Implied Warranty) remain.

1

plaintiff." *Id*. at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir. 1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir. 1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992)(quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986)).

Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute because the issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at 2512. Mindful of these principles the court turns now to the case at hand.

## FACTUAL BACKGROUND

Gulf Stream is a corporation engaged in the manufacture, assembly, integration, sale, supply, and distribution of recreational motor vehicles and related equipment and services. Madison RV Center ("Madison"), a non-party to this litigation, is an independent dealer of recreational vehicles and purchased recreational vehicles from Gulf Stream for the purpose of selling such vehicles to the general public. Madison and Gulf Stream are separate corporations, do not maintain

common ownership nor do they have common shareholders, directors, officers, or employees. However, Madison is an authorized dealer of Gulf Stream recreational vehicles.

On July 22, 2006, Skodras purchased a 2006 Gulf Stream Endura ("the Endura") from Madison for a purchase price of $189,285.60. The Endura was manufactured and sold to Madison by Gulf Stream who, in turn, received the full dealer invoice for the Endura from Madison.

When Skodras purchased the Endura, she entered into a written purchase contract between herself and Madison. Skodras also received a written limited warranty offered by Gulf Stream which contains the following language:

> Your new recreational vehicle has a limited warranty by Gulf Stream Coach, Inc. to the original purchaser as follows:
>
> a) A two (2) year or 24,0000 miles of use warranty (whichever comes first) against structural defects in floors, walls and roof.
>
> b) A full one (1) year or 12,000 miles of use warranty (whichever comes first) under normal use against defects in materials and/or workmanship in the construction of the vehicle and its original components.
>
> ... All obligations of Gulf Stream pursuant to this Limited Warranty are limited to replacing or repairing the defective part or component.

(Exh. 1 to Affidavit of Scott Pullin, DE 24-2). Gulf Stream's Limited Warranty also contains the following language:

> **WHAT IS NOT COVERED BY EXPRESS WARRANTY**
>
> TRANSPORTATION TO AND FROM DEALER OR MANUFACTURING PLANT LOCATION, AND CONSEQUENTIAL AND INCIDENTAL EXPENSE SUCH AS, BUT NOT LIMITED TO, LOSS OF TIME, COMMERCIAL LOSS, LOSS OF USE, TOWING CHARGES, LODGING, FOOD, PHONE CALLS, INCONVENIENCE, BUS OR PLANE FARES, OR RENTAL CHARGES.

(Id.).

Skodras received possession of the subject recreational vehicle on or about July 22, 2006. Thereafter, she alleges that she experienced defects beginning shortly after she took possession. She tendered the recreational vehicle to Gulf Stream's authorized dealerships for repairs on at least eight occasions due to these alleged defects and warranty repairs were made on the vehicle. However, the repairs were ineffective in restoring the Endura to proper working order . As a result, Skodras, through her attorney, attempted to revoke her acceptance of the vehicle by letter tendered on May 30, 2007. Gulf Stream refused the demand for revocation of acceptance and subsequently, on July 9, 2007, Skodras filed suit in Wisconsin state court alleging breach of written warranty, breach of implied warranty, and revocation of acceptance pursuant to the Magnuson-Moss-Warranty Act ("Warranty Act") 15 U.S.C. 2301 *et seq.*[2] For each count, Skodras's complaint demanded the return of all money paid, reimbursement for diminution in value of the vehicle, incidental and consequential damages, attorneys' fees, and any further relief that the court found appropriate. The case was removed to federal court in Wisconsin on August 17, 2007 and then transferred to the Northern District of Indiana on September 17, 2008.

In the present motion, Gulf Stream seeks partial summary judgment solely as to the relief requested in Counts 1 and 2 of the Complaint; particularly, the request for "return of all monies paid, diminution in value of the vehicle, and all incidental and consequential damages incurred." Complaint, Counts 1 and 2 Prayer for Relief. It is to this issue the court turns now.

## **DISCUSSION**

The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (2000), provides a federal right

---

[2] Skodras also sought relief under the Wisconsin Lemon Law but those claims were dismissed by the E.D. Wisconsin prior to transferring the case to the Northern District of Indiana.

of action for consumers to enforce written or implied warranties where they claim to be damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under that statute or under a written warranty, implied warranty, or service contract. The Act does not require a consumer product to be warranted. See 15 U.S.C. § 2302(b)(2) (1994) (prohibiting the Federal Trade Commission (FTC) from requiring "that a consumer product or any of its components be warranted"). Where a warranty is provided, however, the warranty is subject to the Act's regulatory scheme ( *Skelton,* 660 F.2d at 314), including rules promulgated by the FTC (15 U.S.C. § 2302(a) (1994); 16 C.F.R. § 700.1 *et seq.* (2006)).

The Act speaks to both implied warranties and written warranties. An "implied warranty" means "an implied warranty arising under State law," as modified by the Act. 15 U.S.C. § 2301(7) (1994). As for written warranties, there are two types of written warranties under the Act: full warranties and limited warranties. *See* 15 U.S.C. § 2303(a). Section 2304 of the Act imposes minimum federal warranty standards for "full warranties" and provides remedies for their breach, including either a full refund of the purchase price or a replacement of the product if the warrantor cannot remedy defects or malfunctions after reasonable attempts to do so. *Id.* With respect to "limited warranties," the Act grants the holder of a limited warranty a federal cause of action for a breach of warranty under the applicable state law but does not provide independent remedies such as those provided for "full warranties." *See* 15 U.S.C. § 2310(d); *Schimmer v. Jaguar Cars, Inc.,* 284 F.3d 402, 405 (7th Cir.2004)).

In this case, it is undisputed that the Endura's written warranty is a "limited" one not subject to § 2304 and thus not subject to the Act's substantive remedies, including a refund of the purchase price. *See* 15 U.S.C. § 2303(a); *MacKenzie v. Chrysler Corp.,* 607 F.2d 1162, 1166 & n. 7 (5th

5

Cir.1979). As recited above, however, the Act does allow consumers to enforce written and implied warranties in federal court, borrowing state law causes of action. *Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955, 956 (7th Cir.1998). In such circumstances, the available remedies are contingent on state law and thus, the remedies to which Skodras is entitled are solely those available to her under Indiana law.

**Revocation of Acceptance and Return of All Monies Paid**

As noted above, Skodras seeks the remedies of revocation of acceptance as well as a return of all monies she paid for the Endura. According to Gulf Stream, plaintiff is not entitled to revocation of acceptance or return of monies paid because under Indiana law no privity of contract exists between the parties, and the relief sought by revocation-the unwinding of the sales contract-is nonsensical against a manufacturer who is not a party to the sales transaction. To support its position, Gulf Stream cites to Magistrate Judge Neuchterlein's opinion in *Pizel v. Monaco Coach Corporation*, 364 F.Supp.2d 790 (N.D.Ind. 2005) wherein he stated "while it does not appear that Indiana has specifically addressed the issue of whether a buyer may attempt revocation against a remote manufacturer with whom no privity exists, it appears that such a claim is not consistent with the purpose of the Code." *Id.* at 794-795. The Court then went on to note that pursuant to Ind.Code 26-1-2-608 a right of revocation was only intended against a seller not against a remote manufacturer. *Id.*

Plaintiff's response is two fold. First, she argues that revocation is an equitable form of relief available under section 2310(d) of the Magnuson-Moss Act and that the existence of a manufacturer's written warranty creates sufficient privity to seek revocation against the manufacturer. Second, she argues that where, as she alleges here, numerous repair attempts covered

6

by the warranties failed to resolve the Endura's problems, Gulf Stream's limited remedy of repair or replacement of parts failed of its essential purpose and, thus, Indiana allows her to claim all buyer's remedies provided by the Uniform Commercial Code. *See* I.C. 26-1-2-719(2) ("Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in IC 26-1).

Skodras cites *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634 (Ind.Ct.App. 2004) wherein the Indiana Court of Appeals adopted her latter theory in a different case against the current defendant. There, the court outlined that while Indiana Code Section 26-1-2-719 permits buyers and sellers to agree on a limitation of remedy such as allowing contracting parties to modify or limit the damages recoverable in a contract dispute, i.e., by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts, or to expressly agree to an exclusive or sole remedy it **also** provides that "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in IC 26-1." *See* Ind.Code § 26-1-2-719(2).

The problem with Skodras's argument is that it presumes that the phrase "remedy may be had as provided in IC 26-1" includes the remedy of revocation of acceptance set forth in IC 26-1-2-608. However, as Magistrate Judge Neuchterlein held, this remedy is not available against a remote manufacturer and is contrary to the express language in IC 26-1-2-608. Section 608 provides that a buyer may revoke acceptance of goods whose nonconformity substantially impairs the value to him if he has accepted the goods on the reasonable assumption that *the seller* would cure the nonconformity and it has not been cured, or buyer has accepted the goods without discovering the nonconformity if the acceptance was reasonably induced by the difficulty of discovery or by *seller's*

7

*assurances*. "Revocation of acceptance must occur within a reasonable time after the buyer discovers ... the ground for it and before any substantial change in condition of the goods which is not caused by their own defects." Accordingly, a buyer may revoke acceptance when (1) there is a nonconformity that substantially impairs the goods to the buyer; and (2) the buyer accepted the goods either (a) without discovery of the defect if acceptance was reasonably induced by the seller's assurances or difficulty of discovery, or (b) the buyer knew of the nonconformity and reasonably assumed that seller would cure the defect. "Seller" is further defined in the Code as "a person who sells or contracts to sell goods." IC 26-1-2-103(1)(d).

Under this definition, the retail seller of the Endura, Madison RV, is, on the present record, the seller and thus, the Indiana commercial code remedy for the buyer of nonconforming goods is unavailable to plaintiffs in this case where they have sued only the manufacturer. Indeed, the majority of courts addressing this issue (including Magistrate Judge Neuchterlein in the N.D.Ind.) have concluded that without contract privity, a buyer cannot revoke a contract against a remote manufacturer for precisely the reasons set out above. *See generally Voytovich v. Bangor Punta Operations, Inc.,* 494 F.2d 1208 (6th Cir.1974); *Fedrick v. Mercedes-Benz USA, LLC,* 366 F.Supp.2d 1190 (N.D.Ga.2005); *Seekings v. Jimmy GMC of Tucson, Inc.,* 638 P.2d 210 (Ariz.1981); *Conte v. Dwan Lincoln-Mercury, Inc.,* 374 A.2d 144 (Conn.1976); *Gasque v. Mooers Motor Car Co., Inc.,* 313 S.E.2d 384 (Va.1984); *Reece v. Yeager Ford Sales, Inc.,* 184 S.E.2d 727 (W.Va.1971); *Hardy v. Winnegabo Indus., Inc.,* 706 A.2d 1086 (Md.Ct.Spec.App.1998); *Henderson v. Chrysler Corp.,* 477 N.W.2d 505 (Mich.Ct.App.1991); *Neal v. SMC Corp.,* 99 S.W.3d 813 (Tex.App.2003); AG Connection Sales, Inc. v. Greene County Motor Co. 2008 WL 4329941, (D.Kan.,2008); *Mydlach v. DaimlerChrysler Corp.,* 875 N.E.2d 1047 (Ill. 2007) ("Revocation of acceptance

contemplates a buyer-seller relationship."); *Smith v. Monaco Coach Corp.,* 334 F.Supp.2d 1065, 1070 (N.D.Ill.2004) (Illinois law does not provide equitable remedy of revocation against manufacturer); *Kutzler v. Thor Indus., Inc.,* No. 03 C 2389, 2003 WL 21654260, at *6-7 (N.D.Ill. July 14, 2003) ("language of Section 2-608 on its face contemplates that the remedy of revocation would be available against the seller, and not against a non-seller who manufactured the goods").[3]

In sum, then, Gulf Stream is correct that the remedy of revocation of acceptance or return of all monies paid which Skodras identifies as being against the manufacturer do not apply under the specific wording of the Indiana statutes. Accordingly, the Defendant's Motion for Partial Summary Judgment on this portion of Skodras's claim for damages is GRANTED.[4]

**Diminution in Value and Incidental and Consequential Damages**

Skodras also seeks damages in the form of diminution in value of the Endura and incidental and consequential damages. Gulf Stream has moved for summary judgment on these remedies claiming that the replacement or repair limitation in the Limited Warranty serves as a limitation on Skodras's damages to the extent that her damages exceed the cost of replacement and repair of the defective parts or components.

---

[3] As noted previously Skodras also makes an argument that §2310(d) of the Magnuson Moss Warranty Act permits the remedy of revocaton of acceptance. This is simply an incorrect statement of the law. *See Smith v. Monaco Coach Corp.*, 334 F.Supp.2d 1065, 1070 (N.D.Ill.,2004) ("While revocation of acceptance is one of the remedies contemplated by Magnuson-Moss, section 2310(d) does not actually authorize specific types of relief, but instead only creates a jurisdictional basis for traditional state law claims.") (citing *Gardynski-Leschuck,* 142 F.3d at 956.).

[4] Alternatively, Gulf Stream argues that once a buyer attempts revocation of acceptance, the buyer cannot continue to utilize the goods. Rather, the buyer becomes a bailee of the goods for the seller. In this case, Gulf Stream points out that additional mileage was placed on the Endura after Skodras attempted to revoke acceptance. Because the court concludes that the remedy of revocation of acceptance is not available to Skodras against Gulf Stream, this argument is moot.

9

Skodras, however, again argues that Indiana allows her to claim all buyer's remedies provided by the Uniform Commercial Code "where circumstances cause an exclusive or limited remedy to fail of its essential purpose." *See* I.C. 26-1-2-719(2). She further contends that if the warranty fails of its essential purpose she is entitled to diminution in value and/or consequential damages despite the limitation or exclusion of incidental and consequential damages in the warranty.

Under Indiana law, the enforceability of liability limitations is reviewed independently from any analysis of whether the limited remedies provided by the parties' agreement fail in their essential purpose. *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc*. 746 N.E.2d 941, 947-952 (Ind.,2001). The Indiana Supreme Court has explained: "[T]he drafters of the UCC inserted distinct legal standards into each provision. A limited remedy will be struck when it fails of its essential purpose; an exclusion of consequential damages fails when it is unconscionable." *Id.* at 948. Moreover, "[w]hether a limited remedy fails of its essential purpose is an issue of fact that a jury may determine. Conversely, an exclusion of consequential damages stands unless it is unconscionable, and unconscionability is determined by a court as a matter of law." Id. (citations omitted); see also Ind.Code § 26-1-2-302.

Under this precedent, Skodras's remedies become clear. First, if the limited remedy fails of its essential purpose, the remedy itself is struck. Thus, in this case, the limitation of the remedy to repair and replacement of the defective parts would be struck and Skodras would be entitled to damages without regard to that limitation. This determination, however, cannot be resolved at this stage since neither party has moved for summary judgment on Skodras's claim that the warranties at issue failed of their essential purpose . Thus, to the extent that Skodras links her claim for the remedy of diminution of value to the assertion that the warranty failed of its essential purpose, the

10

court cannot conclude as a matter of law that she is unable to recover such damages. Thus, the Defendant's motion for partial summary judgment as to this remedy is DENIED.

As to the exclusion for incidental and consequential damages, even if Gulf Stream's express warranties did in fact fail in their essential purpose, the limitation of liabilities contained in the warranty will "stand unless it is unconscionable." *Rheem*, 746 N.E.2d at 955; *Iron Dynamics v. Alstom Power, Inc.* 2007 WL 3046430, 7 (N.D.Ind.,2007). The issue of whether the limitation of liabilities contained in the warranty is unconscionable has not been directly raised by the parties in their summary judgment motions. In fact, Skodras makes no argument in response to the incidental or consequential damages limitation that the exclusions are unconscionable nor does she set out any facts which would allow the court to conclude that it is, in fact, unconscionable. Accordingly, on its face it appears to the court that the limitation of liability clause contained in the warranty stands and the Defendant's motion for partial summary judgment must be GRANTED. Thus, Skodras is not entitled to incidental or consequential damages in the event a breach of warranty is determined.

## **CONCLUSION**

Skodras filed suit seeking a variety of remedies for the alleged breach of express and implied warranties on the recreational vehicle she purchased. Based on the foregoing, the Defendant's motion for partial summary is GRANTED as to Skodras's claim for revocation of acceptance and return of all monies paid. Likewise, Skodras is not entitled to incidental or consequential damages in the event she prevails on her claim for breach of warranty. However, the Court DENIES Gulf Stream's motion for partial summary judgment on Skodras claimed remedy of diminution in value since she may be able to recover such damages upon a finding that the warranties at issue failed of their essential purpose.

Entered: This 8th day of January, 2010

                                                                                        s/ William C. Lee
                                                                                        United States District Court

1.